**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                              Case No.  6:04-cr-46-Orl-19GJK

**DONALD MAURICE KING**

_____

# ORDER

This case comes before the Court on the following:

1. Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) by Defendant Donald Maurice King (Doc. No. 58, filed Aug. 5, 2010); and

2. Supplement Authority in Support of Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) by Defendant Donald Maurice King (Doc. No. 59, filed Aug. 20, 2010).

## Background

On May 25, 2004, Defendant Donald Maurice King pled guilty to possession with intent to distribute and distribution of five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).  (Doc. No. 32, filed Aug. 17, 2004.)  The Court adjudicated Petitioner guilty, and on August 16, 2004, Defendant was sentenced to one hundred eighty-eight months imprisonment.  (Doc. No. 29, filed June 2, 2004; Doc. No. 32 at 2.)  Thereafter, the Court rejected Defendant's request for a sentence reduction pursuant to U.S. Sentencing Commission Amendments 706 and 711 because Defendant was sentenced as a career offender under U.S.S.G. § 4B1.1.  (Doc. No. 49, filed Sept. 8, 2008.)

Defendant now seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) on the ground that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), retroactively applies to his conviction.  (Doc. Nos. 48-49.)

**Analysis**

Defendant moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission's policy statement concerning the application of 18 U.S.C. § 3582(c)(2) is set forth in U.S.S.G. § 1B1.10 and provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

Section 3582(c)(2) is inapplicable here because no amendment listed in U.S.S.G. § 1B1.10(c) as of the date of this Order lowers a guideline range on account of the Fair Sentencing Act of 2010. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) ("[O]nly amendments . . . listed under subsection (c) of [U.S.S.G.] § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)."). However, Defendant's argument that the Fair Sentencing Act of 2010 retroactively reduces his sentence may be construed as a motion for reduction of sentence under 18 U.S.C. §

3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ."

The Fair Sentencing Act of 2010 does not justify a reduction in Defendant's sentence because it does not apply retroactively. Courts first look to the intent of Congress in determining whether a statutory amendment is retroactive. *See, e.g.*, *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994) ("When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach."). Where, as here, the amendment affects "substantive rights, liabilities, or duties" and there is no statement from Congress that the amendment affecting should apply retroactively, courts presume it applies only prospectively to future conduct. *Id.* at 278; *see also Greene v. United States*, 376 U.S. 149, 160 (1964) ("[T]he first rule of [statutory] construction is that legislation must be considered as addressed to the future, not to the past." (quotation marks omitted)). This result is confirmed by the well-settled rule that in the absence of contrary Congressional intent, an amendment changing the available punishment for a crime applies prospectively, not retroactively. *See* 1 U.S.C. § 109 ("The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."); *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 661 (1974) (collecting cases for the proposition that 1 U.S.C. § 109 "has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense").

Finding no authority or evidence in the text or legislative history of the Fair Sentencing Act of 2010 supporting Defendant's argument that the Act applies retroactively, the Court will not reduce Defendant's sentence.

## Conclusion

Based on the foregoing, the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) by Defendant Donald Maurice King (Doc. No. 58) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 30, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Donald M. King
Counsel of Record